# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HARVEY PRESTON,

Plaintiff,

v.

WILLIE SMITH ET AL.,

Defendants.
_____/

Case No. 18-cv-10123

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER TRANSFERRING COMPLAINT TO WESTERN DISTRICT OF MICHIGAN [1]

Plaintiff Harvey Preston, presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a civil rights complaint in the Eastern District of Michigan under 42 U.S.C. § 1983. Plaintiff claims that during his incarceration at the Ionia Maximum Correctional Facility ("ICF") the Defendants—the warden of ICF and several ICF employees—violated his constitutional rights. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan.

## I. DISCUSSION

Venue is not proper in this Court, and the requirements of venue are satisfied in the Western District of Michigan. Indeed, all the conduct Plaintiff complains of

transpired at the Ionia Maximum Correctional Facility in Ionia, Michigan, which is located in the Western District of Michigan. Preston remains incarcerated at ICF, and all the Defendants work at ICF.

Venue is proper in the judicial district where (1) any defendant resides, if all defendants are residents of the same state; or (2) where the claim arose. 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court may transfer a case based on venue— without prompting from the litigants—for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

> Relevant considerations for the Court regarding venue include:
>
> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (quoting *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 182–83 (S.D.N.Y. 1995)).

Evaluating these considerations, the Court concludes that for both the

convenience of the parties and witnesses, and in the interests of justice, the present matter should proceed in the Western District of Michigan. All of the "operative facts" in this case allegedly happened at the Ionia Maximum Correctional Facility, which is located in the Western District of Michigan. Moreover, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting Preston to this judicial district would be significant. Therefore, transfer of this action to the Western District is proper.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated:  January 23, 2018                                /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 23, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk